IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| SYLVIA DUKE-RICE, | * | |
| Claimant, | * | |
| vs. | * | CASE NO. 3:04-CV-7 CAR |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY, | * | |
| Defendant. | * | SOCIAL SECURITY APPEAL |

## RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's determination, denied Claimant's application for social security disability benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error, and she seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.* The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). See also *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

in the Social Security Act.  20 C.F.R. § 404.1 et seq.

Under the regulations, the Commissioner determines if a claimant is disabled by a five-step procedure.  20 C.F.R. § 404.1520, Appendix 1, Part 404.  First, the Commissioner determines whether the claimant is working.  Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities.  Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations.  Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work.  Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work.  In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling.  *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).  The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal.  *Id.*

## ISSUES

I.  Whether the Appeals Council improperly failed to remand case based on new evidence?

II. Whether the ALJ improperly discounted treating physician's opinion as to Claimant's disability?

## DISCUSSION

### Administrative Proceedings

Claimant filed an application for social security income benefits on May 4, 2001, (Claimant's Brief, p. 1). Her application was denied initially and upon reconsideration. Following a hearing on November 8, 2001, the ALJ denied the Claimant's claims in a decision dated January 25, 2002, finding that the Claimant was not disabled within the meaning of the Social Security Regulations. After receiving post-hearing evidence, the Appeals Council thereafter issued an order denying review and affirming the ALJ's decision on December 4, 2003. (T- 5).

### Statement of Facts and Evidence

In the instant case, the Claimant alleges that she is disabled and entitled to benefits due to asthma, tremors, migraines, right shoulder pain, arthritis, allergies and depression. (T-189). Upon being denied the benefits she sought, the Claimant filed a request for a hearing to appeal the Commissioner's decision. Subsequent to the hearing, the ALJ found that the Claimant had severe impairments but that she was able to perform all past relevant work. (T-194).

**I.  Did the Appeals Council improperly fail to remand Claimant's case based on new evidence presented after the hearing?**

On June 28, 2003, the Appeals Council advised claimant that it would delay action in her case for twenty-five (25) days, pending receipt of any new medical evidence she may

wish to present.  The Appeals Council advised Claimant that it would review any evidence presented that was both new and material medical evidence.  Pursuant to 20 C.F.R. § 416.1470., the entire record would then be evaluated and review would be granted if the Appeals Council found that the ALJ's actions, findings, or conclusion were contrary to the weight of the current evidence of record.

The Claimant argues that the submission of new evidence, which was presented subsequent to the June 2002 hearing, requires remand.  The Eleventh Circuit has held that new evidence submitted to the Appeals Council is part of the record on appeal.  *Keeton v. Dept. of H.H.S.*, 21 F.3d 1064, 1066-67 (11th Cir. 1994).  However, when the Appeals Council has denied review, the court can only look to the evidence actually presented to the ALJ in determining whether his decision is supported by substantial evidence.  *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998).

Evidence submitted to the Appeals Council can be considered when evaluating whether a case should be remanded under sentence six, provided the plaintiff establishes that (1) new, non-cumulative evidence exists, (2) the evidence is material such that a reasonable possibility exists that the new evidence would change the administrative result, and (3) good cause exists for the failure to submit the evidence at the appropriate administrative level. *Id*. The Appeals Council will review an ALJ's decision only when it determines, after review of the entire record including the new and material evidence, that the decision is contrary to the weight of the evidence currently in the record.  *See* 20 C.F.R. § 404.970; *Falge*, 150 F.3d

at 1324. In the case at bar, the Appeals Council considered the new evidence but found that it did not warrant a change of the ALJ's decision.

The new evidence is in the form of medical records which began over a year and a half after the hearing in front of the ALJ in this matter. They include neurological examinations and reports from Dr. Saeed Salles, beginning August 2003. The Claimant alleges that the records support her claim of disability. Specifically, she claims that the records are non-cumulative because no other physician had provided such a detailed explanation of Claimant's impairments. She further claims that the reports are material as they go directly to the issue of Claimant's disability. She also argues that there exists good cause for failing to provide the records earlier as they did not exist at the time of the hearing. She cites the Eleventh Circuit case of *Vega v. Commissioner of Social Security* to substantiate her claim that the Appeals Council erred in failing to remand her case.

In *Vega*, the Court held that the evidence presented to the Appeals Council subsequent to the ALJ's decision was new and non-cumulative where the severity of the claimant's impairment was discovered and treated after the hearing. *Vega v. Commissioner of Social Security,* 265 F.3d 1214, 1218 (11th Cir. 2001). The Court also found that the claimant met the third element requiring remand under sentence six of 42 U.S.C. § 405(g). *Id.* at 1218. Specifically, the Court found that the claimant had good cause for failing to present the new evidence at the hearing as it did not exist at the time of the hearing. *Id.* at 1219. Thus, the Court remanded the case for further review pursuant to sentence six. Finally, and most

relevantly, because the evidence contradicted the findings of the ALJ as to the severity of the claimant's impairments, the Court found that the new evidence was material. *Id.*

To be considered "material" for the purposes of remand in this type of case, the new information provided by a claimant must evidence that a "reasonable probability exists that it would change the administrative result...". 42 U.S.C. § 405(g). Here, the Claimant has not demonstrated that the records prepared by Dr. Salles are material.

In his Findings, the ALJ found that the Claimant retained the residual functional capacity (RFC) to perform light work with mild limitations in daily living activities; social functioning; maintaining concentration, persistence and pace; limited use of her right hand. He further found that she have limited environmental exposure to fumes, odors, dusts, gases and poor ventilation and have limited exposure to hazardous machinery and heights. Accordingly, the ALJ found that Claimant was not disabled and could return to her past work.

Although the Claimant states in her argument that Dr. Salles diagnosed her with "the brain-damaging demyelinating disease", the new evidence submitted by the Claimant in this matter reflects Dr. Salles' opinion that she **may** have demyelinating disease in the form of multiple sclerosis. (T- 38, 134). He further found that Claimant could occasionally lift up to ten pounds, could stand for less than two hours and sit for about two hours in an eight-hour day and that she would have to change positions approximately every 30 minutes. (T- 63). Because the limitations are not beyond those noted in his Findings, it is very unlikely the new

7

medical evidence submitted by the Claimant will change the ALJ's decision. Thus, the evidence is immaterial and the Appeals Council did not err by failing to remand Claimant's case pursuant to sentence six of 42 U.S.C. § 405(g).

## II.     Did the ALJ improperly discount treating physician's opinion as to Claimant's disability?

In Claimant's second enumerated issue, she claims that the ALJ improperly discounted the opinion of one of her treating physicians, Dr. John A. Gatell. The Claimant's medical records show that after two visits on September 24, 2001 and October 22, 2001, Dr. Gatell diagnosed her with fibromyalgia and stated his opinion that she was disabled by 75 percent and was not able to perform employment at a sedentary position at this time.

It is well settled that the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding it. *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985). A treating physician's report may be discounted when it is not accompanied by objective medical evidence or when it is conclusory. *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). The ALJ can also reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician. *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991). *See also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984).

In the case at bar, the record reveals that Claimant was treated and/or examined by

several medical professionals, none of whom diagnosed her with fibromyalgia. Then, after two visits in 2001, Dr. Gatell diagnosed the Claimant with the pain disorder. In his Findings, the ALJ stated that he discredited Dr. Gatell's opinion as to Claimant's disability for several reasons. He stated that because Dr. Gatell had only been treating the Claimant for one month, because she failed to mention any complaints of pain at a visit to another physician two days after her examination by Dr. Gatell, because she had not previously been diagnosed with fibromyalgia prior to her examinations by Dr. Gatell and because his opinion did not match the medical evidence of record, the ALJ found Dr. Gatell's opinion should not be given significant weight (T- 192).

It appears, therefore, that the ALJ did, in fact, clearly articulate his basis for discounting the Dr. Gatell's opinion that Claimant was disabled. Furthermore, the Regulations state that in evaluating a claim for social security disability insurance benefits, a treating physician's opinion that a claimant is disabled is not dispositive, as a determination of disability ultimately rests with the Commissioner. 20 C.F.R. § 404.1527. For the foregoing reasons, it is found that the ALJ did not err in discounting the opinion of one of Claimant's treating physicians.

## CONCLUSION

No basis is found for the Plaintiff's claims that the ALJ committed error as the determinations made were completely within his judicial discretion. Furthermore, the record

fails to reveal any evidence of the ALJ acting outside of his judicial role in determining the extent of the Plaintiff's disability.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the United States District Judge to whom this case is assigned within ten (10) days after being served a copy of this Recommendation.

**SO RECOMMENDED**, this 20th day of December, 2004.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE